Ila REDDEN (widow of Ray Redden),
and Mulga Coal Company,
Petitioners,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNIT-
ED STATES DEPARTMENT OF LA-
BOR, Respondent.

No. 86–7701.

United States Court of Appeals,
Eleventh Circuit.

Aug. 24, 1987.

Cooper, Mitch & Crawford, Patricia G.
Fraley, Birmingham, Ala., for Redden.

Laura A. Woodruff and H. Thomas
Wells, Jr., Maynard, Cooper, Frierson &
Gale, P.C., Birmingham, Ala., for Mulga
Coal Co.

Roscoe C. Bryant, III, Jeanne Beck, Bet-
ty J. Briggs and Mary-Helen Mautner, Of-
fice of the Solicitor, U.S. Dept. of Labor,
Washington, D.C., for respondent.

Before RONEY, Chief Judge,
ANDERSON and EDMONDSON,
Circuit Judges.

PER CURIAM:

In this Black Lung Benefits case,
we hold that we do not have jurisdiction of
an appeal from a decision by the Benefits

Review Board to vacate an administrative law judge's decision which transferred liability for benefits to the Black Lung Disability Trust Fund. The Review Board reinstated the last employer as a party and remanded the case for the administrative law judge to conduct a hearing on the issue of the claimant's eligibility for benefits.

In dismissing this appeal, we follow the decisions of the other circuits which have decided this point. *Youghiogheny and Ohio Coal Co. v. Baker*, 815 F.2d 422 (6th Cir.1987); *Eastern Associated Coal Corp. v. Benefits Review Board*, (4th Cir., No. 85–1719, January 17, 1986, unpublished).

Ray Redden filed a Part B claim for benefits under the Black Lung Benefits Act on May 23, 1973. That claim was denied on December 31, 1974. He then filed a Part C claim with the Department of Labor on March 6, 1975. Redden died on October 17, 1975 before his claim was decided. His widow, Ila Redden, filed a survivor's claim on June 30, 1976. On May 5, 1977, a claims examiner in the Office of Workers' Compensation Programs (OWCP) United States Department of Labor, initially approved Mrs. Redden's claim and notified Mulga Coal Company, Redden's last employer, that the claimant was entitled to benefits and that Mulga was liable for paying benefits from October 1975, the month of Redden's death.

On February 6, 1980, OWCP initially found that Mulga was liable not only for benefits from October 1, 1975, on Mrs. Redden's survivor's claim, but also benefits from March 1, 1975 on the miner's claim. Because Mulga controverted these findings the case was referred to an administrative law judge for a formal hearing.

On March 1, 1982, the ALJ issued a decision and order dismissing Mulga as a party to the case and transferring liability for Redden's benefits to the Black Lung Disability Trust Fund. On appeal by the Director, the Benefits Review Board, on August 12, 1986, vacated the ALJ's decision and remanded the case for consideration of the contested claim for benefits from Mulga.

Mulga and Redden jointly sought review of the Board's order of remand by a petition filed on October 10, 1986. The Director moved this Court to dismiss the petition on the grounds that the Board's order is not final. By order dated January 26, 1987, the Court carried the Director's motion with the case, and directed the parties to address it in their briefs.

■ Review in the courts of appeals of decisions by the Benefits Review Board under the Black Lung Benefits Act is available only when there is "a final order of the Board." 33 U.S.C. § 921(c); *see* 30 U.S.C. § 932(a). This Court has held "a Board order that remands a case to an ALJ for further findings" is not reviewable. *Jacksonville Shipyards, Inc. v. Estate of Verderane*, 729 F.2d 726, 727 (11th Cir. 1984).

The order of the Board in this case neither fixes Mulga's ultimate liability for Redden's benefits, nor Redden's right to benefits from Mulga in the first instance. It is, therefore, not a final order, even though a decision on the merits in favor of Mulga and Redden on the instant petition for review would conclude this litigation.

■ The appellant asserts that this Court should consider a review under the collateral order exception to the final judgment rule of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To fall within the "collateral order" exception, the order must satisfy three conditions. It must: (1) "conclusively determine the disputed question;" (2) "resolve an important issue completely separate from the merits of the action," and (3) "be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). The "collateral order" rule is a "narrow exception" to the normal finality requirement. *Firestone Tire & Rubber Company v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981).

■ The order of the Board in this case fails that third condition. The issue of Mulga Coal Company's liability on Red-

den's claim will be reviewable on appeal from the final agency order after remand to the ALJ. We have held that the *Cohen* doctrine will be applied if needed to secure prompt review in order to protect important interests of any party. *In re Tidewater, Inc.*, 734 F.2d 794, 797 (11th Cir. 1984). It is clear from this case, however, that substantial rights of parties will not be lost if review is denied at this stage. Mrs. Redden continues to receive interim benefit payments during this litigation, which will not be terminated unless and until she is finally adjudicated by the ALJ, the Board, or this Court to be ineligible. 20 C.F.R. § 725.522(a), (b). The Government asserts that "the Director's regulations on overpayments adequately protect Mrs. Redden from the harm she asserts will result from delay in obtaining appellate review in the event that her claim ultimately is denied. Those regulations provide for the waiver of overpayment recoveries where the recipient is without fault and recovery would deprive her of income required for ordinary and necessary living expenses. 20 C.F.R. 725.-540–725.542; *see Youghiogheny & Ohio Coal Co. v. Benefits Review Board*, 745 F.2d 380, 382 & [n. 2] n. 2 (6th Cir.1984)."

Although the petitioners make a strong case for review at this time because of the length of time that it has taken the administrative agency to handle this claim, there are no principled reasons that the settled law in this Circuit should not be followed and this appeal dismissed.

**APPEAL DISMISSED.**