**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,**

v.

**KAISER STEEL CORPORATION and John W. Zupon, Respondents.**

No. 87–1813.

United States Court of Appeals, Tenth Circuit.

Oct. 28, 1988.

Michael J. Denney, Asst. Counsel for Benefit Programs (George R. Salem, Sol. of Labor; Donald S. Shire, Associate Sol., Barbara J. Johnson, Counsel for Appellate Litigation, with him on the briefs) U.S. Dept. of Labor, Washington, D.C., for petitioner.

Edwin C. Barnes (Rodney G. Snow, also of Clyde, Pratt & Snow, and Virginius Dabney of Dabney & Dabney with him, on the briefs), Salt Lake City, Utah, for respondents.

Before LOGAN and TACHA, Circuit Judges, and ANDERSON, District Judge.[*]

* The Honorable Aldon J. Anderson, Senior United States District Judge for the District of Utah, sitting by designation.

LOGAN, Circuit Judge.

Petitioner, the Director of the Office of Workers' Compensation Programs, United States Department of Labor (the Director), appeals the decision of the Benefits Review Board denying his right to modify a decision of an administrative law judge (ALJ) which allegedly was based on the ALJ's mistaken determination of fact. The main thrust of the Director's argument is that § 22 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 922, and a Department of Labor regulation promulgated thereunder, 20 C.F.R. § 725.310, authorize his office to take such action.

Congress liberalized the eligibility requirements for black lung payments to disabled miners with the Black Lung Benefits Reform Act of 1977. That Act also provided that, if a miner had been denied benefits before March 1, 1978, he could reapply to receive benefits with his eligibility being determined under the new criteria. *See* 30 U.S.C. § 945. The burden of paying benefits to the miners whose claims had been denied before March 1, 1978, but were granted under the new criteria, later was shifted from the employer to the Black Lung Disability Trust Fund. *See* 26 U.S.C. § 9501; 30 U.S.C. §§ 902(h), (i), 932(c), (j).

Relying upon affidavits of claimant John W. Zupon and a coworker that Zupon had submitted a claim that had been denied before March 1, 1978, in June 1982 an ALJ's decision transferred liability for Zupon's disability payments from his employer, Kaiser Steel Corporation, to the Black Lung Disability Trust Fund. Shortly thereafter, the Director moved for reconsideration based on the affidavit of a deputy commissioner from the Office of Workers' Compensation Programs that Department of Labor files contained no evidence of a prior claim having been filed. The ALJ denied the motion on the grounds that the Director's affidavit was untimely, add-

ing that, in his experience, human memory often was more reliable than black lung case records. The Director did not appeal the ALJ's initial decision or the denial of reconsideration.

About six months later, a deputy commissioner issued a proposed Decision and Order modifying the ALJ's ruling. The deputy commissioner found that because there was no record that the claimant had filed an earlier claim, the transfer of liability was in error. Such a proposed modification becomes final and effective in thirty days unless, within that time, a party requests a revision or hearing before an ALJ. 20 C.F.R. § 725.419. Here, Kaiser Steel requested a hearing, and a different ALJ ruled that the deputy commissioner had no authority to modify the prior decision based on the other ALJ's alleged error. On appeal, the Benefits Review Board affirmed. The Director then petitioned this court for review.

The facts of this case are similar to those recently presented to the Seventh and Eleventh Circuits in *Director, Office of Workers' Compensation Programs v. Peabody Coal Co.*, 837 F.2d 295 (7th Cir.1988), and *Director, Office of Workers' Compensation Programs v. Drummond Coal Co.*, 831 F.2d 240 (11th Cir.1987). In each of those cases, an ALJ transferred the liability for a black lung claim from the claimant's employer to the Black Lung Disability Trust Fund because the claimant had applied for and been denied benefits before the cutoff date established by Congress. In both cases, the Director attempted to transfer liability back to the employer on the grounds that the ALJ had erroneously determined that the claim had been denied before the cutoff date, when in fact it had been pending at that time. Both courts held that under 33 U.S.C. § 922, the Director was entitled to modify a compensation order based only on his own factual mistakes, and not those of the ALJ. *Peabody*, 837 F.2d at 298–99; *Drummond*, 831 F.2d at 244–45.

For substantially the reasons set forth in *Peabody* and *Drummond,* we agree that the Director cannot modify an ALJ's order based on the ALJ's mistaken determination of fact. We also find *Saginaw Mining Co. v. Mazzulli,* 818 F.2d 1278 (6th Cir.1987), relied on by the Director, to be inapposite to the particular issue in this case for the reasons stated in *Peabody,* 837 F.2d at 298–99, and *Drummond,* 831 F.2d at 246 n. 12.

We add only brief comments in response to the Director's arguments that (1) because the modified order can be subjected to de novo review by an ALJ, the Director is not unilaterally modifying any disputed facts, but simply proposing the change, and (2) the modification process was used properly here "to compel the ALJ to reconsider the transfer issue with the Director's affidavit admitted into evidence." Brief of Petitioner at 25.

We do not agree with these arguments, in part because their acceptance would countenance a circumvention of the appeals process. The ALJ's denial of the motion to reconsider could have been appealed to the Benefits Review Board, *see* 20 C.F.R. § 725.479, .481, but the Director failed to do so. Also, while it is true that initially the modification is only a proposal, it becomes a final order within thirty days if uncontested. 20 C.F.R. § 725.419.

But beyond these considerations, the Director's arguments fail to recognize that he is without statutory authority under 33 U.S.C. § 922 to propose modifications for any mistaken determinations of fact other than his own. *See Peabody,* 837 F.2d at 298; *Drummond,* 831 F.2d at 244–45. Here, the ALJ, and not the Director, made the alleged mistake. Absent strong proof that Congress intended otherwise, we must give the statute the meaning a plain reading requires.

The Benefits Review Board decision declared that the Director's role in a case like that before us "was limited to investigating the grounds for modification and forwarding evidence to the administrative law judge for evaluation by the administrative law judge." Decision and Order at 3. This implies that some means exists for the Director to bring alleged errors to the attention of the ALJ for possible correction in circumstances like the instant case. We do not have before us, as the Sixth Circuit did in *Saginaw Mining,* a case in which the *claimant* is presenting errors or evidence allegedly justifying modification of a prior order. Nor do we have the question whether an ALJ, after receiving information forwarded by the Director, might sua sponte modify a prior order. We decide only that the Director, under the clear wording of 33 U.S.C. § 922, may not issue a modification order purporting to correct errors other than his own. Our disposition also makes it unnecessary to treat respondents' argument that because § 922 refers only to modifying the levels of compensation paid, the Director's order transferring liability for payment exceeded his authority under the statute.

AFFIRMED.