DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Petitioner,

v.

PALMER COKING COAL COMPANY; Maxwell Manowski, Respondents.

No. 87–7491.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 13, 1988.

Decided Feb. 7, 1989.

---

Michael J. Denney, Asst. Counsel for Benefit Programs, U.S. Dept. of Labor, Washington, D.C., for petitioner.

Keith R. Baldwin, Allison, Davis & Baldwin, Seattle, Wash. and Thomas A. Feldman, Law Offices of Jonathan Wilderman, Denver, Colo., for respondents.

Before CHOY, CANBY and NORRIS, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

This case arises out of a miner's claim for compensation under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* (1982), as amended, 30 U.S.C. § 902 *et seq.* (Supp. IV 1986). The Black Lung Benefits Act provides that black lung compensation claims are to be processed by the Secretary of Labor in accordance with the procedural provisions of the Longshore and Harbor Workers' Compensation Act ("Longshore Act"). 30 U.S.C. § 932(a). Section 19 of the Longshore Act sets forth the basic

claims procedure: miners file a claim with a deputy commissioner of the Office of Workers Compensation Programs (OWCP), who notifies all interested parties, investigates the claim, and orders a hearing upon the request of any interested party. 33 U.S.C. §§ 919(a)–(c) (1982), as amended, 33 U.S.C. §§ 919(a)–(b) (Supp. IV 1986). Hearings are then held by an administrative law judge (ALJ), who determines whether and by whom compensation shall be paid. 33 U.S.C. § 919(d). Review of the ALJ's decision may be had before the Benefits Review Board, whose decisions are then subject to review in the court of appeals. 33 U.S.C. § 921.

At issue in this case is the deputy commissioner's authority to initiate proceedings to *modify* an ALJ's award of compensation. The deputy commissioner's modification powers are governed by section 22 of the Longshore Act. By its terms, section 22 authorizes the deputy commissioner to modify a compensation order, either on her own initiative or at the request of an interested party, "on the ground of a change in conditions or because of a mistake in a determination of fact *by the deputy commissioner*." 33 U.S.C. § 922 (emphasis added). The principal question for decision is whether the statute authorizes the deputy commissioner to initiate modification proceedings on the ground of a mistaken factual determination *by the ALJ*.

## I

The essential facts of the case are as follows. Maxwell Manowski filed a claim with the OWCP for black lung benefits, which was reviewed by a deputy commissioner and sent on to an ALJ for a hearing. The ALJ determined that because of the timing of Manowski's claim, the employer Palmer Coking was not liable for any benefits owed to Manowski, and issued an order transferring liability to the Black Lung Disability Trust Fund.[1]

Following the ALJ's order, a deputy commissioner reviewed the case and concluded that the ALJ made an erroneous factual determination regarding the timing of Manowski's claim. The deputy commissioner then proposed a modification order transferring liability back to Palmer Coking. Palmer Coking objected to the proposed modification, and the case was again sent to an ALJ for a hearing. At the second hearing, the ALJ ruled that the deputy commissioner lacked the authority to modify an ALJ award of benefits. On appeal, the Benefits Review Board affirmed. The Director of the OWCP now appeals.

## II

■ At the outset, we confront appellee Palmer Coking's argument that the Board's ruling is not an appealable final order. Under 33 U.S.C. § 921(c), which is incorporated into the Black Lung Benefits Act, 30 U.S.C. § 932(a), this court has jurisdiction to review any "final order" of the Benefits Review Board. The Board's decision in this case is a final order, insofar as it effectively affirms the dismissal of Palmer Coking Coal Company, which is the only party contesting Manowski's entitlement to black lung benefits. The Board's affirmance of the ALJ's grant of summary decision would, but for this appeal, terminate the litigation in this case; it is therefore appealable. *Cf. Lopez v. Dean Witter Reynolds, Inc.*, 805 F.2d 880, 883 (9th Cir. 1986) (order compelling arbitration which completely terminates the action is a final judgment for purposes of appellate jurisdiction).

Appellee Palmer Coking argues that under *Redden v. Director, OWCP*, 825 F.2d 337 (11th Cir.1987), the Board's ruling in this case is not an appealable final order. However, *Redden* is inapposite to the present facts. In *Redden*, the Eleventh Circuit held that an employer could not appeal a decision by the Board holding that liability for the miner's claim could not be

---

1. The basis for this conclusion was the Black Lung Benefits Reform Act of 1977, which provides that if a miner had been denied benefits before March 1, 1978, he may reapply and receive benefits under more liberal eligibility criteria. 30 U.S.C. § 945. Congress has shifted liability for such reopened claims from the employer to the Black Lung Disability Trust Fund. 30 U.S.C. § 932(c).

transferred to the Black Lung Disability Trust Fund. The Board's order in that case remanded to the ALJ to determine the miner's entitlement to benefits; the employer could later appeal a finding of liability. In the present case, the Board did not remand for further proceedings because the Director does not contest Manowski's entitlement to benefits. In the absence of reversal by this court, no further proceedings are anticipated below. *Redden* is thus inapplicable here. We therefore proceed to the merits of this appeal.

### III

■ Section 22 of the Longshore Act reads as follows:

> Upon his own initiative, or upon the application of any party in interest ..., on the ground of a change in conditions or because of a mistake in a determination of fact *by the deputy commissioner*, the deputy commissioner may ..., in accordance with the procedure prescribed in respect of claims in section 919 [governing initial claims], issue a new compensation order....

33 U.S.C. § 922 (emphasis added). The issue in this case is whether § 922 permits the deputy commissioner to initiate modification proceedings to correct erroneous factual determinations made by the ALJ.[2]

Three circuits have considered this question, and have all answered in the negative. *See Director, Office of Workers' Compensation Programs v. Kaiser Steel Corp.,* 860 F.2d 377, 379 (10th Cir.1988); *Director, Officer of Workers' Compensation Programs v. Peabody Coal Co.,* 837 F.2d 295, 298 (7th Cir.1988); *Director, Office of Workers' Compensation Programs v. Drummond Coal Co.,* 831 F.2d 240, 245 (11th Cir.1987). In each of these cases, a deputy commissioner attempted to modify an ALJ's compensation award on the grounds that the ALJ had made erroneous factual conclusions regarding the timing of

the compensation claim. The courts held that under the plain language of § 922, the deputy commissioner was authorized to modify an award only to correct his own factual errors, not those of the ALJ. *Kaiser Steel,* 860 F.2d at 379; *Peabody,* 837 F.2d at 298; *Drummond,* 831 F.2d at 244.

We agree with the Seventh, Tenth and Eleventh Circuits that § 922 does not permit the deputy commissioner to initiate modification proceedings to correct the factual errors of the ALJ. Although we must accord considerable weight to the Director's construction of the statute he is charged with administering, that deference stops short of contravening plain statutory language. *Chevron U.S.A. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984).[3] The language of § 922 expressly indicates the grounds upon which a deputy commissioner may modify prior compensation awards: he may initiate modification proceedings "on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner." On its face, the statute authorizes the deputy commissioner to correct only his own factual errors, not those of other adjudicatory authorities. Absent a clear legislative intent to the contrary, this express language regarding the ambit of the deputy commissioner's authority must be conclusive.

The Director argues that our reading of § 922 is inconsistent with the history and general operation of the Longshore Act. The Director notes that when Congress enacted § 922 in 1934, the deputy commissioner was the only official authorized to make factual determinations in benefits claims. Only in 1972 did Congress amend the Act to divest deputy commissioners of adjudicatory authority over factual disputes, vesting it instead in ALJs. The Director argues that § 922 was not intended

---

**2.** Because we conclude that § 922 denies the deputy commissioner this authority, we need not consider whether the Department of Labor regulations do so.

**3.** By contrast, the Board's interpretation of the Longshore Act is "not entitled to any special deference from the courts." *Potomac Electric Power Co. v. Director, OWCP,* 449 U.S. 268, 278 n. 18, 101 S.Ct. 509, 514 n. 18, 66 L.Ed.2d 446 (1980).

to put any special emphasis on the factual errors of the deputy commissioner, but rather was intended to ensure that a modification was available whenever a factual error was made. Because § 922 was enacted at a time when there were no ALJs, the Director argues that we should ignore the limited grant of modification authority contained in the statute's language, and instead should effectuate the broad purposes of the statute by reading it to authorize the deputy commissioner to correct the ALJ's factual errors as well as his own.

In essence, the Director's argument is that when it amended the Act in 1972 to transfer adjudicatory responsibilities from the deputy commissioner to the ALJ, Congress did not intend to reduce the deputy commissioner's authority to correct mistakes in the factfinding process, but just forgot to amend § 922 to take account of the fact that ALJs would now be the factfinders. The trouble with this argument, however, is that the Director fails to show any evidence of Congress' intention to authorize the deputy commissioner to correct ALJ errors. The Director points only to § 922's animating purpose of ensuring that factual mistakes be corrected when justice requires it, and suggests that Congress could not have wanted to prevent ALJ mistakes from being corrected in modification proceedings. However, the obvious counterargument is that in transferring adjudicatory responsibility to ALJs, Congress may have wanted in some measure to insulate the adjudicatory process from outside interference. In an event, we do not think that the congressional intent underlying the Act is so clear as to negate the plain language of § 922. Nor would it be appropriate for us to weigh the different policies embodied in the Act and "amend" § 922 even if we believed such an amendment would best serve the purposes of the statute. If Congress made a mistake in not amending § 922 to authorize modification of ALJ factual findings, then it is for Congress to correct the mistake. In its present form, § 922 plainly places the factual determination of the ALJ beyond the modification authority of the deputy commissioner.

## IV

Appellee Manowski claims he is entitled to attorney's fees pursuant to 33 U.S.C. § 928(a), which generally provides for attorney's fees when a claimant successfully prosecutes a contested claim for benefits. Under § 928, we have authority to grant fees for work done on appeal from the Board, but not for work done below. *Ford Aerospace and Communications Corp. v. Director, OWCP*, 684 F.2d 640, 642–43 (9th Cir.1982). A claimant is entitled to attorney's fees for an appeal to this court only when we address, and resolve in his favor, a dispute over liability for compensation. *See id., Holliday v. Todd Shipyards Corp.*, 654 F.2d 415, 419 (5th Cir. 1981). Under this criterion, Manowski's request for attorney's fees fails. Although Manowski has prevailed in the present appeal, the appeal has not required us to resolve a contested claim for benefits. We have addressed only a question of procedure. *Cf. Holliday*, 654 F.2d at 419.

AFFIRMED.