**Oliver W. EIFLER, Petitioner,**

v.

**OFFICE OF WORKERS' COMPENSATION PROGRAMS, Peabody Coal Company, and Old Republic Insurance Company, Respondents.**

**No. 90–1924.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 19, 1990.

Decided Feb. 27, 1991.

Leslie A. Jones, Johnson, Schaaf, Jones & Snelling, Thomas E. Johnson, Chicago, Ill., for petitioner.

Oliver W. Eifler, Chandler, Ind., pro se.

Donald S. Shire, Sol. Gen., Steven D. Breeskin, Rita Roppolo, Office of the Sol., Washington, D.C., John H. Secaras, Sol. Gen., Chicago, Ill., Sylvia T. Kaser, Melissa Reardon Henry, Black Lung Div., Carla Chapman, Ann McLaughlin, Benefits Review Bd., Dept. of Labor, Washington, D.C., W.C. Blanton, Terri A. Czajka, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for respondents.

Before POSNER, COFFEY, and RIPPLE, Circuit Judges.

POSNER, Circuit Judge.

This appeal from the denial of benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901 *et seq.*, requires us to decide whether an administrative law judge is authorized under the Act to correct his factual mistakes.

Oliver Eifler, who is now 77 years old, applied for black lung benefits back in 1980, after having worked in coal mines for 34 years. After a hearing, an administrative law judge denied his application in 1985 on the ground that Eifler had not been totally disabled by pneumoconiosis (black lung disease). Eifler did not appeal from this decision but did file a petition for modification (in effect for reconsideration) supported by additional medical evidence. The matter was referred to the original administrative law judge, who denied the petition. The Benefits Review Board affirmed the denial.

 We are met at the threshold by the argument that an administrative law judge has no power to correct his mistakes of fact because the regulation authorizing him to do so, 20 C.F.R. § 725.310(a), is contrary to the statute on which it is based. That statute—section 22 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 922, incorporated by reference in the Black Lung Benefits Act, 30 U.S.C. § 932(a)—provides that "on the grounds of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may ..., at any time prior to one year after the rejection of a claim, review a compensation case ... [and] issue a new compensation order." There thus are two grounds for modification. One is a change in conditions, and there is no question that the administrative law judge was authorized to modify the denial of benefits to Eifler on this ground, though he decided not to do so. The other ground is a mistake of fact, and it is here that the jurisdictional problem lies, by virtue of the statute's reference—omitted from the regulation—to "deputy commissioner." The statute authorizes a deputy commissioner to correct his mistakes but makes no reference to an administrative law judge's (or anyone else) being authorized to correct a mistake by an administrative law judge. In fact, there is no reference at all to administrative law judges in section 22.

History explains the omission and guides us to the solution of the interpretive puzzle. It used to be that the entire process for determining entitlement to benefits under the Longshore and Harbor Workers' Compensation Act was in the hands of officers of the Department of Labor known as "deputy commissioners." In 1972 Congress decided to amend the Act to conform the procedures under it to the Administrative Procedure Act. H.R.Rep. No. 1441, 92d Cong., 2d Sess. 3 (1972), U.S.Code Cong. & Admin.News 1972, 4698. To this end the amendment transferred all powers that the deputy commissioners had exercised with respect to hearings to administrative law judges (then called hearing examiners). 33 U.S.C. § 919(d). As a result, the procedure for obtaining benefits under both the Longshore and Harbor Workers' Compensation Act and the Black Lung Benefits Act is bifurcated. The applicant still makes his application to a deputy commissioner, but upon the request of either party the deputy commissioner must refer the case to an administrative law judge for a hearing. 33 U.S.C. §§ 919(a)–(d); *Director v. Drummond Coal Co.*, 831 F.2d 240, 241 (11th Cir.1987). The same procedure ap-

plies to petitions for modification, because (as is plain from the reference to deputy commissioners in section 22) such a petition is submitted to the deputy commissioner in the first instance. Congress, undoubtedly through an oversight, failed to amend section 22 of the Longshore and Harbor Workers' Compensation Act to reflect the fact that any factual mistake which would warrant a reconsideration of a previous denial of benefits would now usually be committed by an administrative law judge and should be corrigible by him. But there is no insuperable obstacle, semantic or otherwise, to interpreting section 919(d) as effecting a substitution of "administrative law judge" for "deputy commissioner" in section 22 in any case in which either the original proceeding or the modification proceeding went to hearing before an administrative law judge. For then the mistake of fact if any will have been made by an administrative law judge, and the statute gives such judges all the adjudicative powers that deputy commissioners had exercised previously.

A contrary interpretation would have the bizarre consequence of making it impossible to correct mistakes in any longshore or black lung case that had gone to hearing. The deputy commissioner could not correct a mistake in such a case, for the mistake would have been made by the hearing officer, i.e., the administrative law judge, and the statute authorizes deputy commissioners to correct only their own mistakes. The resulting paralysis would be the unintended consequence of a statute (section 919(d)) the only purpose of which was to enhance the reliability of the hearing process by substituting administrative law judges for deputy commissioners having less status and independence. For almost twenty years the Department of Labor has proceeded on the assumption that the administrative law judge can correct his mistakes, and, as far as we are able to determine, not until this case did anybody think to challenge this administrative interpretation—to which we are required to give some deference. *Chevron v. Natural Resources Defense Council,* 467 U.S. 837, 844–45, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d

694 (1984). An agency's power to reconsider its decisions for the purpose of correcting its mistakes has many times been said to be inherent, most recently in *Rutherford v. United States,* 806 F.2d 1455, 1460 (10th Cir.1986). "The power to reconsider is inherent in the power to decide." *Albertson v. FCC,* 182 F.2d 397, 399 (D.C.Cir.1950).

■ It is true that we and other courts, in decisions illustrated by *Director v. Peabody Coal Co. (Sisk),* 837 F.2d 295 (7th Cir.1988), have held that the *deputy commissioner* is not empowered to correct a mistake of fact by the administrative law judge. See also *Director v. Palmer Coking Coal Co.,* 867 F.2d 552, 555 (9th Cir. 1989); *Director v. Kaiser Steel Corp.,* 860 F.2d 377, 379 (10th Cir.1988); *Director v. Drummond, supra,* 831 F.2d at 245. But those decisions are not inconsistent with the position we take today. The very fact that the 1972 statute substituted administrative law judges for deputy commissioners in hearings implies that the deputy commissioner is not authorized to reexamine a factual finding made by the administrative law judge after a hearing, for such a power would set at naught Congress's endeavor to make the administrative law judge the responsible hearing officer. No issue was raised in *Sisk* or, so far as we have discovered, in any other case concerning the power of the responsible hearing officer—the administrative law judge—to reexamine his own findings of fact.

■ The issue might seem to have little practical importance because a change of condition is an alternative ground for modification. But there is an important difference between the two grounds. A change in condition—a worsening of the applicant's black lung disease to the point where it is now totally disabling—entitles him to benefits from the date of the change. The correction of a mistake of fact, showing that he had totally disabling black lung disease at the time of the original hearing, entitles him to benefits from the date—which might be long before that hearing—on which he became totally disabled. *Jarka v. Hughes,* 299 F.2d 534, 536–37 (2d Cir.1962).

The evidence at Eifler's original hearing persuaded the administrative law judge that while Eifler might have mild pneumoconiosis, the cause of his being totally disabled was not that but instead cigarette smoking and obesity. The medical evidence consisted primarily of x-rays taken in 1980, except for one taken in 1983, and of the results of physical examinations of Eifler in 1980 and 1982. The evidence submitted with the petition for modification consisted of x-rays taken in 1986 and the results of a physical examination conducted that year. In the interim Eifler had quit smoking and lost weight. Nevertheless his condition had not improved—had in fact worsened, judging from the x-ray evidence.

The fact that Eifler's condition did not improve despite his quitting smoking and losing weight casts doubt on the accuracy of the administrative law judge's original determination that Eifler was not totally disabled as a result of pneumoconiosis. The administrative law judge did not consider, however, whether he might have made a mistake. This was not because he thought he lacked jurisdiction to correct his mistakes—the jurisdictional argument was not made to him—but because he thought Eifler had failed to seek modification on that ground and therefore had waived the point. But we do not think there was a waiver. The petition was not artful, but formal pleadings are not required in black lung or longshoremen's cases, *Banks v. Chicago Grain Trimmers Ass'n*, 390 U.S. 459, 465 n. 8, 88 S.Ct. 1140, 1145 n. 8, 20 L.Ed.2d 30 (1968); *Jarka v. Hughes, supra*, 299 F.2d at 536; *Stansfield v. Lykes Bros. S.S. Co.*, 124 F.2d 999, 1002 (5th Cir.1941), and the deputy commissioner to whom Eifler submitted his petition for modification had no difficulty construing it to raise both grounds—mistake of fact and change of condition—before forwarding it to the administrative law judge for hearing. This is indication enough that Eifler adequately raised the issue. Nor is it clear that he *had* to raise it, since the regulations (so far as relevant here) provide only that the hearing be confined "to those contested issues which have been identified by the deputy commissioner." 20 C.F.R. § 725.464(a). The deputy commissioner can identify an issue that the parties have not raised, provided, of course, that he gives fair notice to them. He identified mistake of fact as an issue for the hearing before the administrative law judge.

The administrative law judge did address the issue of change of condition on the merits, and resolved it against Eifler primarily on the ground that the doctor who saw him in 1986 and whose report was part of the evidence submitted with the petition repeated his previous (and previously rejected) position that Eifler was totally disabled by reason of black lung disease. But a doctor who thought Eifler totally disabled earlier, and discovered nothing new that undermined his opinion, could only repeat that opinion. He could not say, "Eifler is now even more totally disabled"; totality like perfection does not admit of degrees. The report also indicated that Eifler had a lung infection brought on by his black lung disease, and the accompanying x-rays taken in 1986 indicated a deterioration in his condition. The administrative law judge disregarded this evidence that Eifler's condition had indeed changed for the worse.

We think the case must go back to the administrative law judge for further consideration of the issues of mistake of fact and change in condition, neither issue having been analyzed adequately in his opinion denying the petition for modification. *O'Keeffe v. Aerojet–General Shipyards, Inc.*, 404 U.S. 254, 256, 92 S.Ct. 405, 407, 30 L.Ed.2d 424 (1971). Of course we do not presume to prejudge the results of the remand.

VACATED AND REMANDED, WITH DIRECTIONS.