**Lois TAYLOR, widow of Glen Taylor, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, Plant Shipyard Corporation and its Insurer, Industrial Indemnity, Respondent.**

No. 98–71004.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 1999.

Filed Jan. 28, 2000.

Anne M. Burr, Kazan, McClain, Edises, Simon & Abrams, Oakland, California, for the petitioner.

Samuel Oshinsky (argued) & Laura J. Stomski (on the briefs), United States Department of Labor, Washington, D.C., for the federal respondent.

Roger A. Levy, Laughlin, Falbo, Levy & Moresi, San Francisco, California, for the private respondent.

Before: ALDISERT,[*] O'SCANNLAIN and HAWKINS, Circuit Judges.

ALDISERT, Circuit Judge:

Section 33(f) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 933(f) ("Act" or "LHWCA"), describes the rights and responsibilities of a "person entitled to compensation" who enters into a settlement with a third party. Lois Taylor, widow of Glenn Taylor, the covered worker under the Act, petitions this court for review of a final order of the Benefits Review Board, which credited her late husband's employer for amounts she received from third-party settlements entered into prior to her husband's death. The issue that we must decide in this petition for review is whether Petitioner was a "person entitled to compensation" under § 33(f) of the Act when she entered into these third-party settlements. If she was such a person, her late husband's employer, Plant Shipyard Corporation,[1] would be entitled to offset against its death benefit liability the net amount of Petitioner's recovery from the third parties under § 33(f).[2] The Board determined that she was such a person and ruled that Plant was entitled to

---

[*] Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

1. Plant Shipyard is no longer in business. Its insurance carrier, Industrial Indemnity, stands in the place of the employer in this matter pursuant to § 35 of the Act, 33 U.S.C. § 935. *See* Plant Shipyard Br. at i (Corporate Disclosure Statement).

2. Section 33(f) provides:
   If the person entitled to compensation institutes proceedings within the period pre-scribed in subsection (b) of this section the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the net amount recovered against such third person. Such net amount shall be equal to the actual amount recovered less the expenses reasonably incurred by such person in respect to such proceedings (including reasonable attorneys' fees).
   33 U.S.C. § 933(f).

the offset. We disagree and grant the petition for review.

Section 33 of the Act governs the interplay between an employer's LHWCA liability and any tort liability apportioned to third parties responsible for the employment-related condition. Distilled to its essence, § 33 of the Act describes the rights and responsibilities of the "person" and the employer when the person receives compensation for injuries from "some person other than the employer ... [who] is liable in damages." 33 U.S.C. § 933(a). As we noted in *Cretan v. Bethlehem Steel Corp.*, "[s]ection 33 of the LHWCA establishes a claimant's right to seek recovery from third parties without fear of being categorically denied compensation or benefits under the Act." 1 F.3d 843, 846 (9th Cir.1993).

■ If a person entitled to compensation enters into a third-party settlement for an amount less than the compensation due under LHWCA, then he or she is required to seek the employer's written approval of the settlement or risk forfeiture of the right to benefits. *See* Section 33(g) of the Act, 33 U.S.C. § 933(g).[3] The purpose of § 33(g) is "to protect the employer against the employee's entering an inordinately low settlement, which would deprive the employer of a proper set-off under section 33(f)." *Cretan*, 1 F.3d at 846.

It therefore becomes important to understand the interrelationship between subsections (f) and (g) of 33 U.S.C. § 933. Both subsections (f) and (g) begin with identical language-namely, "[i]f the person entitled to compensation"-which attaches a condition precedent to the operation of each subsection. If the person is not a statutory "person entitled to compensation" under § 33 of the Act, then subsections (f) and (g) do not apply. However, if the person is a "person entitled to compensation" under the Act, then subsections (f) and (g) operate to protect the employer from the person entering into an inordinately low settlement with a third party, *see* 33 U.S.C. § 933(g), and require the employer to pay only the excess of statutory compensation over the net amount recovered against such third parties, *see* 33 U.S.C. § 933(f).

The key question for decision here is whether we should give the same interpretation to the phrase "person entitled to compensation" in § 33(f) as did the Supreme Court when it interpreted the same language in § 33(g) in *Ingalls Shipbuilding, Inc. v. Director, OWCP [Yates]*, 519 U.S. 248, 117 S.Ct. 796, 136 L.Ed.2d 736 (1997). In *Yates*, the Court held that "before an injured worker's death, the worker's spouse is not a 'person entitled to compensation' for death benefits within the meaning of LHWCA § 33(g), and does not forfeit the right to collect death benefits under the Act for failure to obtain the worker's employer's approval of settlements entered into before the worker's death." 519 U.S. at 261–262, 117 S.Ct. 796.

The majority of the Board refused to extend the Court's interpretation of the language "person entitled to compensation" to identical language in § 33(f); one Board member dissented, concluding that Mrs. Taylor was not a "person entitled to compensation" under § 33(f) when she joined the settlement agreements with third parties because her husband was still alive. Petitioner contends that the majority's decision was error, and she urges us to accept the dissenting Board member's rationale and, therefore, to extend the Court's interpretation of the phrase "person entitled to compensation" in § 33(g) to

---

**3.** Section 33(g) of the Act provides in relevant part:

    If the person entitled to compensation ... enters into a settlement with a third person ... for an amount less than the compensation to which the person ... would be entitled under this chapter, the employer shall be lia-

ble for compensation as determined under subsection (f) of this section only if written approval of the settlement is obtained from the employer and the employer's carrier, before the settlement is executed....

33 U.S.C. § 933(g)(1).

the credit provision in § 33(f). The issue is squarely joined and we must meet this question of statutory construction.

The administrative law judge had subject-matter jurisdiction pursuant to 33 U.S.C. § 919(d). The Benefits Review Board had jurisdiction under 33 U.S.C. § 921(b)(3). We have jurisdiction over final Benefits Review Board orders pursuant to 33 U.S.C. § 921(c). Petitioner timely filed her petition for review of the Board's decision. 33 U.S.C. § 921(c).

■■■■ The Board's decisions in LHWCA cases are reviewed for errors of law and adherence to the substantial evidence standard. *Duhagon v. Metropolitan Stevedore Co.*, 169 F.3d 615, 618 (9th Cir. 1999). No special deference is owed to the Board's interpretation of the Act. *Port of Portland v. Director, OWCP*, 932 F.2d 836, 838 (9th Cir.1991). Nevertheless, we give considerable weight to the construction of the Act urged by the OWCP Director, who is charged with its administration. *Sproull v. Director, OWCP*, 86 F.3d 895, 898 (9th Cir.1996).

## I.

Mrs. Taylor, the Petitioner, filed claims for death benefits under California state workers' compensation law and LHWCA after her husband died of lung cancer, a condition that resulted from Mr. Taylor's exposure to asbestos while he worked as a shipfitter at two shipyards in the 1950s. The Benefits Review Board concluded that Plant Shipyards, the last responsible employer, was liable to Mrs. Taylor for death benefits, but that Plant was entitled to offset its liability under § 33(f) of the Act for amounts Mrs. Taylor recovered in third-party tort settlements entered into prior to her husband's death. Mrs. Taylor petitions this court for review and contends that Plant is not entitled to an offset against its death benefit liability, because she was not a "person entitled to compensation" under § 33(f) of the Act when she entered into the third-party settlements.

## II.

Glenn Taylor worked as a shipfitter in the 1950s at the shipyards of both Bethlehem Steel Corporation and Plant Shipyard Corporation, where he was exposed to asbestos. After retiring in 1980 because of poor health, Mr. Taylor filed a state workers' compensation claim in 1981 and a third-party action against several asbestos manufacturers in October 1984. On December 28, 1984, he filed his initial claim for benefits under LHWCA, which he later amended to name Bethlehem Steel and Plant Shipyard as possible responsible employers.

On October 21, 1987, Mr. Taylor entered into three separate third-party settlements totaling $266,500.[4] On April 11, 1988, Mr. Taylor also entered into a third-party settlement with Combustion Engineering, Inc. for $17,500. Petitioner Lois Taylor, decedent's wife, co-signed each of the settlements as a co-releasor, thereby settling her loss of consortium and potential wrongful death actions against these third parties.

In February 1989, an administrative law judge determined that Plant was the last responsible employer, awarded Mr. Taylor permanent partial disability benefits and found Plant entitled to receive a credit pursuant to § 3(e) of the Act, 33 U.S.C. § 903(e), for the amount decedent received from his state workers' compensation claim, as well as a credit under § 33(f) of the Act, 33 U.S.C. § 933(f), for the entire amount of the net proceeds from the third-party settlements.

After the ALJ's decision, Mr. and Mrs. Taylor entered into another third-party settlement on November 17, 1990, with Manville Corporation for $150,000. Mr. Taylor died of lung cancer on February 13,

---

4. Mr. Taylor settled with the following defendants on October 21, 1987: Fireboard Corporation, for $250,000, Babcock & Wilcox Company, for $15,000; and Garlock, Inc., for $1500.

1991, and thereafter his widow filed a claim for death benefits pursuant to § 9 of the Act, 33 U.S.C. § 909.

In a September 3, 1993 Decision and Order, another ALJ awarded Mrs. Taylor death benefits, but concluded that Plant was entitled to offset its death benefit liability by the net amount apportioned to Mrs. Taylor for her wrongful death action in the third-party settlements. Both parties appealed to the Benefits Review Board. Plant appealed the ALJ's refusal to apply the forfeiture provision in § 33(g), and Mrs. Taylor appealed the ALJ's determination that Plant was entitled to § 33(f) credit in the amount of her third-party recoveries.

The Board determined that the ALJ abused his discretion by failing to consider the § 33(g) forfeiture provision in light of our decision in *Cretan v. Bethlehem Steel Corp.*, 1 F.3d 843 (9th Cir.1993), and consequently vacated the ALJ's decision and remanded the case. Shortly after the Board's decision, the Supreme Court issued its opinion in *Ingalls Shipbuilding, Inc. v. Director, OWCP [Yates]*, 519 U.S. 248, 117 S.Ct. 796, 136 L.Ed.2d 736 (1997), in which it declared that a surviving spouse was not a "person entitled to compensation" under § 33(g) of the Act prior to the death of the employee-spouse, and thus the claimant did not forfeit her right to collect death benefits under the Act for failure to obtain the employer's written approval of third-party settlements entered into prior to the employee's death. *Id.* at 261–262, 117 S.Ct. 796.

On remand the ALJ determined that claimant's right to death benefits was not barred by § 33(g). *See* E.R. Ex. 1, at 1–2 (citing *Yates*). Additionally, the ALJ found that claimant was not a "person entitled to compensation" under § 33(f) before her husband died, and therefore that Plant was not entitled to offset the amounts Mrs. Taylor recovered from third-party settlements entered into prior to her husband's death. *Id.* at 3. Plant again appealed to the Benefits Review Board.

In its July 8, 1988 decision, the Benefits Review Board reversed the ALJ and granted Plant a credit of $41,272, which was the net amount of civil recoveries apportioned to Mrs. Taylor from settlements with Combustion Engineering and Manville. The Board reasoned that claimant was a "person entitled to compensation" at the time of the compensation award and that Plant therefore was entitled to a credit. Because Mrs. Taylor was unsuccessful on the merits of her claim, the Board denied her request for attorney's fees. Mrs. Taylor petitions this court for review of both rulings.

### III.

In *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 477, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992), the Court held that before becoming a statutory "person entitled to compensation," an employee must "satisf[y] the prerequisites attached to the right [to recover benefits]." The Court concluded that an employee became a person entitled to compensation under the Act "at the moment his right to recovery vested," and not when his employer admitted liability. *Id.*

In *Cretan v. Bethlehem Steel Corp.*, 1 F.3d 843, 846–848 (9th Cir.1993), we attempted to distinguish the Court's decision in *Cowart* and held that the claimant's status at the time of the civil settlement was largely irrelevant to the issue of his or her status under the Act. We explained our discomfort with extending the Court's teachings in *Cowart*, in which the claimant was an injured employee, to the facts in *Cretan*, in which the claimant was a widow seeking death benefits:

It is clear that the holding of Cowart does not dictate the outcome of our case. It does not rule on the question whether a claimant whose entitlement will mature upon a death that has not yet occurred is a person entitled to compensation.... The Court [in *Cowart*] ... stated that the normal meaning of entitlement is that the person satisfies the

prerequisites attached to the right. The [claimants] seize upon this language, and argue that their entitlement to compensation under the Act vested when [the injured employee] died. There is no reason, however, to assume that the Supreme Court had the present situation in mind when it uttered [this] dicta. *Cretan*, 1 F.3d at 847 (internal quotation marks and citations omitted).

With respect to § 33(g), our ultimate holding in *Cretan* is no longer viable in light of the Supreme Court's teachings in *Yates:*

> Taken together, [sections 33 and 9 of the Act] indicate that a surviving spouse qualifies for death benefits only if: (i) the survivor's deceased worker-spouse dies from a work-related injury; (ii) the survivor is married to the worker-spouse at the time of the worker-spouse's death; and (iii) the survivor is . . . living with the worker-spouse [or] dependent upon the worker-spouse. . . . *It is impossible to ascertain whether these prerequisites have been met at any time prior to the death of the injured worker.* We therefore reject the argument that a person seeking death benefits under the Act can satisfy the prerequisites for those benefits at any earlier time-e.g., when the worker is initially injured or when the worker enters into a predeath settlement. *Because Mrs. Yates' husband was still alive at the time she released her potential wrongful death actions, she was not a "person entitled to compensation" at that time* and was therefore not obligated to seek [the employer's] approval to preserve her entitlement to statutory death benefits.

*Yates*, 519 U.S. at 257–258, 117 S.Ct. 796 (citations omitted) (emphasis added). However, the Court stopped short of deciding the specific issue presented in Mrs. Taylor's petition to this court, namely whether "person entitled to compensation" has the same meaning under § 33(f) and § 33(g). *See id.* at 261, 117 S.Ct. 796 ("This is a question we have yet to decide, and is one we leave for another day.").

Nevertheless, the Court hinted that "person entitled to compensation" should have the same meaning in both § 33(f) and § 33(g). *See id.* ("If . . . we assumed that ['person entitled to compensation' carries the same meaning in § 33(f) and § 33(g) ], our conclusion on the question presented in this case would not change.").

## IV.

■ We begin our inquiry into the meaning of § 33(f)'s "person entitled to compensation" with an examination of the language of the statute. *See Moskal v. United States*, 498 U.S. 103, 108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990). As we recognized in *Cretan*,

> [t]he term "person entitled to compensation" must receive the same construction in sections 33(f) and 33(g), in accord with "the basic canon of statutory construction that identical terms within an Act bear the same meaning."

*Cretan*, 1 F.3d at 848 (quoting *Cowart*, 505 U.S. at 479, 112 S.Ct. 2589). Although the teachings of *Yates* vitiates our holding in *Cretan*, our reference to statutory construction canons in *Cretan*-namely, that identical terms in an act require identical meanings-remains unimpaired. Thus, we will continue to afford the same meaning to the phrase "person entitled to compensation" in the context of both § 33(f) and (g), absent an absurd or glaringly unjust result. *See United States v. Missouri Pac. R.R.*, 278 U.S. 269, 278, 49 S.Ct. 133, 73 L.Ed. 322 (1929) (announcing the American Plain Meaning Rule, that "where the language of an enactment is clear and construction according to its terms does not lead to absurd or impractical consequences, the words employed are to be taken as the final expression of the meaning intended").

Plant argues that if we literally apply § 33(g)'s "person entitled to compensation" meaning to the same language in § 33(f), the effect would be glaringly unjust and absurd, because claimants would be allowed to recover twice for the same

claims so long as they settle before their injured spouses die.

### A.

◼ We conclude that an interpretation of § 33 of the LHWCA that permits double recovery is not an absurd result so as to influence us to depart from the plain meaning of the statute. In *Yates,* the Court explained that double recoveries are not strictly prohibited under the Longshore and Harbor Workers' Compensation Act. *See* 519 U.S. at 261, 117 S.Ct. 796 ("We agree that the Act generally reflects a policy of avoiding double recovery ... [, but this] prohibition against double recovery is not absolute . . . .") (citing examples where the Act allows double recoveries). Consequently, the Court "[did] not find the possibility of [double] recovery in this context [i.e., § 33(f) and (g) ] to be so absurd or glaringly unjust as to warrant a departure from the plain language of the statute." *Id.* Accordingly, we will not look beyond the plain meaning of the statute simply because under some scenarios a claimant may recover twice under the same claim.

Nor are we without excellent company in our approach to statutory construction of § 33 of LHWCA. In *Yates,* the Court held that a claimant's right to recovery under § 33(g) must vest before she becomes a "person entitled to compensation." 519 U.S. at 257, 117 S.Ct. 796. In *Cretan,* we said that the phrase "person entitled to compensation" should be construed to mean the same thing in § 33(f) and (g), in accord with "the basic canon of statutory construction that identical terms within an Act bear the same meaning." 1 F.3d at 848. Thus, if we apply this canon of statutory construction to the Court's teachings in *Yates,* then a "person entitled to compensation" must have a vested right to compensation at the time that person enters into the third-party settlement, at the latest, before § 33(f) credit or § 33(g) forfeiture can apply.

◼ Petitioner was not a "person entitled to compensation [i.e., death benefits]" at the time she entered into third-party settlements, because she lacked one of the prerequisites to recovering death benefits: the death of the employee-spouse. A petitioner's claim for LHWCA death benefits is not subject to § 33(g) forfeiture if the injured employee is still living when his or her spouse enters into third-party settlements. Because we are convinced that the phrase "person entitled to compensation" should carry the same meaning in § 33(f) and (g), Mrs. Taylor was not a § 33(f) "person entitled to compensation" and, accordingly, Plant was not entitled to offset against its death benefit liability Mrs. Taylor's third-party recoveries. Although this result may permit Petitioner here to recover twice for the same claims, we accept the Court's dicta that such a result is not glaringly unjust under the Act. *See Yates,* 519 U.S. at 261, 117 S.Ct. 796.

### B.

Furthermore, the federal respondent here, the Director of the Office of Workers' Compensation Programs ("OWCP"), agrees that "[Plant] was not entitled to offset its liability for death benefits under § 33(f) ... because, at the time of her recovery, her spouse was still living, and thus she was not ... a 'person entitled to compensation' " at the time at issue, namely at the time of settlement. *See* Director, OWCP Br. at 13, 27–28.

This court typically gives considerable weight to the construction of the statute urged by the Director charged with its administration. *See Sproull v. Director, OWCP,* 86 F.3d 895, 898 (9th Cir.1996). However, the Director has taken conflicting positions on § 33(f)'s proper construction in the past and has recently promulgated a new interpretation of this subsection, in light of the recent Supreme Court decisions in *Yates* and *Cowart. See* Director, OWCP Br. at 15. Accordingly, the Director seeks no deference for his new construction of § 33(f). *Id.* Nevertheless, while we afford no deference to the Director's interpretation in

this petition, we take notice that the Director agrees that Petitioner's construction of § 33(f) is mandated by the plain language of the statute. *Id.*

Mrs. Taylor was not a "person entitled to compensation" under § 33(f) when she entered into third-party tort settlements prior to her husband's death and, thus, the Board erred by awarding Plant § 33(f) credit in the amount of $41,272.

### V.

Petitioner also requests attorney's fees under 33 U.S.C. § 928 for services provided before the Board and this court. The Board denied Mrs. Taylor's request for attorney's fees for work done before it because she was unsuccessful before that tribunal.

■ We have authority to grant attorney's fees to a successful benefits claimant under LHWCA only for work done before this court, and not for work done before the Board. *See Director, OWCP v. Palmer Coking Coal Co.,* 867 F.2d 552, 556 (9th Cir.1989).

The LHWCA provides that one who successfully prosecutes a disputed claim against an employer is entitled to reasonable attorney's fees "in an amount approved by the deputy commissioner, Board, or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final." 33 U.S.C. § 928(a).

■ We have previously announced the procedure to be followed in seeking attorney's fees from the court under § 928:

1. Whether an award will be made will first be considered with the merits of the case.
2. If the claimant succeeds on the merits, the Court will then consider an application for attorney's fees by motion to the merits panel.
   a. Notice must be given to the employer.

b. An affidavit must be filed in support of the application setting out:
   i. those considerations the claimant's attorney believes should govern the amount to be awarded;
   ii. the hours devoted to each category of work connected with the appeal and the reasonable hourly rate for each person involved; and
   iii. any sharing arrangement as required by 33 U.S.C. § 928(e).
3. The employer may respond by brief and affidavit.
4. The panel may determine the amount of the award based upon these papers or, in its discretion, hear oral argument.

*Ford Aerospace and Communications Corp. v. Boling,* 684 F.2d 640, 643 (9th Cir.1982).

Because we conclude that Lois Taylor successfully prosecuted her claim for benefits, she should submit the necessary motion papers to this panel pursuant to the procedures outlined above within twenty-one days of the receipt of this order. *See id.* Plant may respond, if it desires, within thirty-five days of the date of this order. *See id.* We will retain jurisdiction of this case to the extent necessary to compute attorney's fees for services rendered before this court and will make our determination upon receipt of a timely motion as provided for above.

In light of claimant's successful petition to this court on the merits of her benefits claim, we grant the petition also as to the Board's denial of her request for attorney's fees associated with services performed before it, and remand this issue to the Board for reconsideration.

GRANT AND REMAND IN PART.