Morris OBIN, Appellant,

v.

DISTRICT NO. 9 OF the INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS; Anheuser-Busch, Inc., Appellees.

No. 80–1315.

United States Court of Appeals, Eighth Circuit.

June 16, 1980.

---

Gerald Kretmar, Levin & Weinhaus, St. Louis, Mo., for appellant.

Dennis C. Donnelly, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for appellees.

Before LAY, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

District No. 9 of the International Association of Machinists and Aerospace Workers and Anheuser-Busch, Inc. have filed motions to dismiss this appeal taken from judgments entered on Counts I and II of plaintiff's complaints. Defendants urge that judgment on those counts was entered on December 21, 1979, and no notice of appeal was filed until April 28, and May 5, 1980, respectively.

According to the record, the complaints against District 9 and Anheuser-Busch were filed July 15 and September 19, 1977, respectively, and charged the Union and the company with religious discrimination against plaintiff-union member, a company employee, in violation of his civil rights, 42 U.S.C. § 2000e–5(f). Both complaints sought damages, injunctive relief and attor-

neys' fees. The amended answer of the Union, filed October 3, 1977, and the company's answer, filed November 15, 1977, stated their defenses and both defendants sought reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k). Subsequent to the order entered against plaintiff on Counts I and II, an award of attorneys' fees was made by order of March 4, 1980, as supplemented by order of April 9, 1980. On April 21, 1980, plaintiff filed a notice of appeal purporting to appeal only the March 4, 1980, order. On April 28, 1980, plaintiff filed an amended notice of appeal from the Count I judgment and the order of March 4, 1980, as supplemented April 9, 1980. On May 5, 1980, plaintiff filed a second amended notice of appeal purporting to appeal the judgments entered on Counts I and II and the March 4, 1980, order as supplemented April 9, 1980.

Defendants' position is that the order entered December 21, 1979, was a final judgment on Counts I and II and thus no timely appeal was taken within the time allowed under Rule 4(a) of the Federal Rules of Appellate Procedure. The issue of whether a judgment is final if it fails to dispose of well-pleaded claims for attorneys' fees was recently before the court. This court, after acknowledging a split in the circuits, held that when, as in the instant case, a distinct claim for attorneys' fees is made in the pleadings and pursued throughout the case, the judgment is not final until that claim has been decided. See *Fulbright v. Brown Group, Inc.*, No. 80–1234 (8th Cir., May 20, 1980) (order); *Yellow Bird v. Barnes*, No. 79–1958 (8th Cir., May 20, 1980) (order). Thus the order of December 21, 1979, was not a final judgment and the notice of appeal filed May 5, 1980, from the final judgment as supplemented April 9, 1980, was timely. See *Richerson v. Jones*, 551 F.2d 918 (3d Cir. 1977); *Williams v. Ezell*, 531 F.2d 1261 (5th Cir. 1976).

The motions to dismiss the appeal for lack of jurisdiction are denied.

IT IS SO ORDERED.