The **BRADFORD EXCHANGE,**
**Plaintiff-Appellee,**

v.

The **TREIN'S EXCHANGE et al.,**
**Defendant-Appellant.**

**No. 80–2031.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 15, 1981.

Decided March 25, 1981.

As Corrected March 26, 1981.

Terry M. Grimm, Chicago, Ill., for defendant-appellant.

N. A. Giambalvo, Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS and CUDAHY, Circuit Judges, and SPEARS, District Judge.*

SPEARS, District Judge.

This is an appeal from an order of the district court awarding attorneys' fees in a pending trademark infringement action. Appellant, Trein's Exchange, agreed to partially settle the case by injunction, but subsequently challenged the authority of its attorneys to consent to an onerous "notice" provision in the agreed injunction. Litigation on the issue of counsels' authority has continued for approximately two years, and the merits of the underlying infringement action have yet to be addressed. Although the district court concluded that the attorneys had the requisite authority to consent, it vacated, as a matter of equity, the contested provision.

The threshold question for determination is whether an order awarding attorneys' fees in a non-common fund case may be appealed prior to a judgment on the merits of the substantive claims. Our answer is in the negative.

In reaching our conclusion we are not unmindful of this Circuit's holding in *Swanson v. American Consumers Industries, Inc.*, 517 F.2d 555, 561 (7th Cir. 1975), a common fund case, to the effect that an award of attorneys' fees "does not affect the finality of the decision on the merits of the case", because it is a collateral order incident to the main litigation. Nor do we ignore *Hidell v. International Diversified Investments*, 520 F.2d 529 (7th Cir. 1975), a non-common fund case, which not only stands

for the proposition that the appealability of the award is unaffected by the fact that the amount of the attorneys' fees has not yet been determined, but also extends the so-called "common fund doctrine"[1] by allowing a separate appeal from an order requiring reimbursement of attorneys' fees from an opposing party. *Ibid.*, 520 F.2d at 532 n. 4, 539.

However, unlike the present case, *Swanson* and *Hidell*, along with *Terket v. Lund*, 623 F.2d 29 (7th Cir. 1980), and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980), all involved awards of attorneys' fees made contemporaneously with, or after, a judgment on the merits in the main case.

In addition, the Supreme Court cases discussed in *Swanson*, and, indeed, the recent *Boeing* case, as well as *Swanson* itself, dealt with common fund recoveries of attorneys' fees. Because common fund cases generally allocate costs of suit "between solicitor and client". *Trustees v. Greenough*, 105 U.S. 527, 531, 533–34, 26 L.Ed. 1157 (1881), or among the class benefited by the litigation, *see Boeing, supra*, 100 S.Ct. at 748–49, such suits have traditionally been accorded a different appealability status.

In our opinion, both *Hidell* and *Swanson* should be limited to the particular facts and circumstances of those cases,[2] and should not be utilized to widen the scope of "interlocutory" appeals to include non-common fund cases in those instances where there has been no judgment rendered on the merits of the litigation.

As indicated, this is not a "common fund" case. The order here awarding attorneys' fees in an unspecified amount, was incidental to the main case, and there has been no final judgment rendered on the merits of that litigation. In similar situations, two other circuits have rejected bifurcated appeals, *see Richerson v. Jones*, 551 F.2d 918, 922 (3rd Cir. 1977) and *Union Tank Car Co. v. Isbrandtsen*, 416 F.2d 96, 97 (2nd Cir. 1969). We believe the reasoning in those cases to be sound. To hold otherwise would most probably create a proliferation of such appeals, because of the uncertainty in the minds of practicing attorneys as to whether or not those appeals would be necessary in order to effectively protect their clients' interests. *See Terket, supra*, 623 F.2d at 32–33; *Swanson, supra*, 517 F.2d at 561. Such a result would be completely inconsistent with the principles of judicial economy and expediency.

For the foregoing reasons, we hold that in a non-common fund case this court lacks jurisdiction to entertain an appeal from an order awarding attorneys' fees prior to the entry of a judgment on the merits of the substantive claims.

Accordingly, the appeal is DISMISSED.

---

1. *See Trustees v. Greenough*, 105 U.S. 527, 531–34, 26 L.Ed. 1157 (1881); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 543–45, 69 S.Ct. 1221, 1224–1225, 93 L.Ed. 1528 (1949); *Mills v. Electric Auto-Lite*, 396 U.S. 375, 390, 392–98, 90 S.Ct. 616, 624, 625–628, 24 L.Ed.2d 593 (1970); and *Swanson v. American Consumer Industries, Inc.*, 517 F.2d 555, 560 (1975).

2. *Hidell*, although a non-common fund case, involved only the unresolved question of reasonable attorneys' fees incidental to the main case. In *Swanson*, a common-fund case, a final judgment terminating the litigation had also been entered, so language in the opinion suggesting the authorization of an appeal of an attorneys' fee award "before the termination of the main case" was dicta.