Betty L. CROWDER and Jimm L. Crowder, Plaintiffs-Appellants, Cross-Appellees,

v.

TELEMEDIA, INC., Defendant-Appellee, Cross-Appellant.

Nos. 81–1087, 81–1148.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 26, 1981.

Decided Sept. 14, 1981.

---

Randall Mitchell, Chicago, Ill., for plaintiffs.

Kenneth M. Chackes, St. Louis, Mo., for defendant.

Before CUMMINGS, Chief Judge, and FAIRCHILD and WOOD, Circuit Judges.

PER CURIAM.

A notice of appeal filed on January 19, 1981, as later amended, purported to appeal from (1) an order entered April 17, 1980 dismissing the claims of one plaintiff at the close of plaintiff's case; (2) a judgment entered July 14, 1980 against both plaintiffs; (3) an order entered September 23, 1980 awarding attorney's fees to defendant, subject to later determination of amount; (4) a judgment entered December 19, 1980 for recovery by defendant of attorneys' fees in a specified amount.

■ A notice of appeal in a civil case where the United States Government is not a party must be filed within thirty days from entry of final judgment. Fed.R. App.P. 4(a)(1). Timely filing or a notice of appeal is mandatory and jurisdictional. *Browder v. Director, Illinois Department of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). It is clear from the face of the notice of appeal that it was timely only as to the judgment entered December 19, 1980.[1]

■ Appellee has moved for dismissal of the appeal as to all the orders except the judgment entered December 19. We conclude that the order entered September 23 awarding attorneys' fees, but not determining the amount, is an interlocutory order incidental to and a predicate for the December 19 judgment and is brought here by the appeal from that judgment. The appeal must be dismissed as to the order entered April 17 which became merged in the judgment of July 14.

■ The rule in this circuit is that the reservation of the issue of attorneys' fees at the time of a judgment deciding all other issues does not impede the finality of that judgment. *Swanson v. American Consumer Industries, Inc.*, 517 F.2d 555, 561 (7th Cir. 1975). *Accord, Hidell v. International Diversified Investments*, 520 F.2d 529, 532 n. 4 (7th Cir. 1975); *Terket v. Lund*, 623 F.2d 29, 33–34 (7th Cir. 1980); *cf. The Bradford Exchange v. The Trein's Exchange*, 644 F.2d 682 (7th Cir. 1980) (court has no jurisdiction over an appeal from an order awarding attorneys' fees, in a non-common fund case, prior to entry of judgment on the merits of the substantive claims).

*Obin v. District 9, Machinists*, 623 F.2d 521 (8th Cir. 1980) and *Richerson v. Jones*, 551 F.2d 918 (3rd Cir. 1977) hold to the contrary, at least where the claim for attorneys' fees has been expressed in the pleadings. We are not persuaded to change our rule, nor to make an exception for Title VII cases, as urged by appellants, on the theory that fees in such cases are not incidental to the main litigation and, accordingly, prevent the underlying decision from being final.

We see no reason why fees should be characterized as incidental or non-incidental to a judgment on the merits based on the nature of the suit. Nor do we think that the decisions in either *Obin* or *Richerson*, which happened to be Title VII cases, were based on such a theory. We do note, however, that both *Obin* and *Richerson* involved fee awards to prevailing plaintiffs rather than prevailing defendants as in the instant

---

1. The thirtieth day after December 19, 1980 was actually Saturday, January 17, 1981, but a filing due on a Saturday, Sunday, or legal holi-

day is timely if filed the next day which is not a Saturday, Sunday, or legal holiday. Fed.R. Civ.P. 6(a).

case. Fee awards to prevailing defendants under Title VII are the exception rather than the rule. *Christianburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Thus even under appellants' theory it could be argued that fee awards to prevailing Title VII *defendants* are collateral to the main litigation and, therefore, would not impede finality of the judgment on the merits.

In conclusion, the court orders this appeal dismissed as to all orders other than the judgment of December 19, 1980. The order of September 23, 1980 may be reviewed as an interlocutory order in the proceeding disposed of by the December 19, 1980 judgment. The court further orders that this appeal be consolidated with Appeal Number 81–1148, defendant's cross-appeal.