**FREEMAN UNITED COAL MINING COMPANY, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 83–2472.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 28, 1983.

Decided Nov. 30, 1983.

Louis R. Hegeman, Gould & Ratner, Chicago, Ill., for petitioner.

J. Michael O'Neill, Dept. of Labor, David V. Bernal, Washington, D.C., for respondent.

Before CUMMINGS, Chief Judge, and PELL and POSNER, Circuit Judges.

POSNER, Circuit Judge.

The respondent has moved to dismiss this petition for review of an order of the Benefits Review Board. The order reversed a decision of an administrative law judge denying a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901 et seq., and remanded the case to the administrative law judge for determination of the benefits to which the claimant was entitled. The respondent argues that such an order is not a "final order" within the meaning of section 21(c) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c), which, as incorporated in the Black Lung Benefits Act, 30 U.S.C. § 932(a), defines our jurisdiction to review orders granting or denying black-lung benefits.

If a federal district court in an ordinary civil action decides that the defendant is liable to the plaintiff, but has not yet determined the amount of damages, there is no "final decision" within the meaning of 28 U.S.C. § 1291. See, e.g., *Wheeler Machinery Co. v. Mountain States Mineral Enterprises, Inc.,* 696 F.2d 787, 789 (10th Cir.1983); *Dilly v. S.S. Kresge,* 606 F.2d 62 (4th Cir.1979); *Garzaro v. University of Puerto Rico,* 575 F.2d 335, 337 (1st Cir.1978); *Freeman v. Califano,* 574 F.2d 264, 268 (5th Cir.1978) (per curiam); *Cinerama, Inc. v. Sweet Music, S.A.,* 482 F.2d 66, 69 (2d Cir.1973); *Western Geophysical Co. of America v. Bolt Assocs.,* 463 F.2d 101, 102 (2d Cir.1972); *Petrol Corp. v. Petroleum Heat & Power Co.,* 162 F.2d 327, 329 (2d Cir.1947). The purpose is to limit so far as is possible the number of appeals to one per case. We cannot think of any reason for reading "final order" in the LHWCA or black-lung act differently, and therefore join the circuits that have held that the terms mean the same thing. See *Sun Shipbuilding & Dry Dock Co. v. Benefits Review Bd.,* 535 F.2d 758, 760 (3d Cir.1976) (per curiam); *Director, Office of Workers' Compensation Programs v. Brodka,* 643 F.2d 159, 161 (3d Cir.1981); *Newport News Shipbuilding & Dry Dock Co. v. Director, Office of Workers' Compensation Programs,* 590 F.2d 1267 (4th Cir.1978); *United Fruit Co. v. Director, Office of Workers' Compensation Programs,* 546 F.2d 1224 (5th Cir.1977); *National Steel & Shipbuilding Co. v. Director, Office of Workers' Compensation Programs,* 626 F.2d 106 (9th Cir.1980).

But in applying the standard to this case we must consider the bearing of three court of appeals decisions on which the petitioner relies in opposing the motion to dismiss: *Sea-Land Service, Inc. v. Director, Office of Workers' Compensation Programs,* 540 F.2d 629, 631 n. 1 (3d Cir.1976); *Nacirema Operating Co. v. Lynn,* 577 F.2d 852, 853 n. 1 (3d Cir.1978) (per curiam); and *St. Louis Ship-*

*building & Steel Co. v. Casteel,* 583 F.2d 876 n. 1 (8th Cir.1978). All three cases held that an order of the Benefits Review Board that included a remand to the administrative law judge to fix the amount of benefits (or, in one case, the attorney's fees to which the claimant was entitled) could nevertheless be appealed to the court of appeals. But these cases are distinguishable from those cited earlier that hold that orders containing remands are not final and appealable. In *Sea-Land,* "the calculation of the exact amount of benefits ... was made [on remand] and the order was for all purposes final by the time this court was called upon to consider the petition." 540 F.2d at 631 n. 1. It was as if the petitioner had waited till the order was entered on remand before he filed his petition for review. In *Nacirema* the remand was limited to determining attorney's fees, and it is now pretty well settled (certainly in this circuit) that an order does not lack finality merely because the district court has not yet determined the attorney's fees to which the prevailing party may be entitled under some special statute. See *Abrams v. Interco Inc.,* 719 F.2d 23, 25–26 (2d Cir.1983) (Friendly, J.), and cases cited there; *Crowder v. Telemedia, Inc.,* 659 F.2d 787 (7th Cir.1981) (per curiam). Cf. *Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955 (9th Cir.1983). In *Casteel,* finally, the order of remand "suppl[ied] the formula to be used in making the correct computation" of benefits on remand. 583 F.2d at 876 n. 1. The opinion does not explain what the formula was; but assuming that the application of the formula was mechanical, there would be no reason to defer judicial review to await the outcome of a process that was foreordained.

▬ *Sea-Land* and *Casteel* stand for the sensible proposition that if the proceedings on remand are pretty certain not to generate new appealable issues, the appeal need not be postponed to await the outcome of those proceedings. See also *United States v. 1,431.80 Acres of Land,* 466 F.2d 820, 822 (8th Cir.1972) (per curiam). Here, however, the remand requires the administrative law judge to determine the date from which benefits are payable to the

claimant, which in turn requires him to decide the month of onset of the claimant's total disability, see 20 C.F.R. § 725.503(b), and this is not a merely mechanical computation. As a matter of fact the administrative law judge we are told has now made the determination of the month of onset, and the respondent disagrees with the determination and has appealed to the Benefits Review Board. This shows that the task the administrative law judge had to perform on remand was not mechanical, as in *Casteel;* that the order on remand, having been appealed to but not yet acted on by the Benefits Review Board, is not final, as in *Sea-Land;* and that in short the remand proceedings are quite likely to generate appealable issues that might be taken to this court, so that there is a real danger of multiple appeals if the present order is appealable.

Nor is the dispute here over attorney's fees, as in *Nacirema.* We do not think the rule that allows an attorney's fee award to be appealed separately from the case in which the services for which the award was made were rendered makes the concept of finality so loose that one could call the order in this case "final." Since attorney's fees are awarded for services at the appellate as well as trial stages, there is no way to assure that the underlying judgment and all attorney-fee issues will be brought to the court of appeals at the same time. Multiple appeals, strikingly illustrated by the three appeals in *Muscare v. Quinn,* 520 F.2d 1212 (7th Cir.1975), cert. dismissed, 425 U.S. 560, 96 S.Ct. 1752, 48 L.Ed.2d 165 (1976); 614 F.2d 577 (7th Cir.1980); 680 F.2d 42 (7th Cir.1982), are unavoidable. They are not in this case, unless we allow this appeal to be taken: in view of the disagreement among the parties over the decision on remand it is quite possible as we have said that if we decided the petition for review and affirmed the Benefits Review Board we would later be faced with a subsequent petition for review challenging the amount of benefits awarded. It is just such a prospect of successive appeals in the same case that the final-judgment rule of 28 U.S.C.

§ 1291 is designed to avert. The policy of the final-order rule in the compensation statutes involved in this case is presumably the same. No special reason for bending the rule, as in *Ingalls Shipbuilding Division v. White,* 681 F.2d 275, 279 (5th Cir.1982), followed in *Newpark Shipbuilding & Repair, Inc. v. Roundtree,* 698 F.2d 743, 746–48 (5th Cir.1983), is presented.

The petition for review is dismissed for lack of jurisdiction in this court.