816 F.2d 681
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mollie McINTOSH, Widow of Sam McIntosh, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3051.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1987.
 
 Before MARTIN, WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 The claimant appeals an order of the Benefits Review Board vacating and reversing the order of the Administrative Law Judge awarding Black Lung Benefits, and remanding the case for determination of survivor's benefits. The Director of the Office of Workers' Compensation Programs now moves to dismiss on grounds that no final order has been issued from which the claimant can appeal. The claimant has filed a response.
 
 
 2
 The Administrative Law Judge found a presumption of entitlement in the black lung claim pursuant to 20 C.F.R. 410.490. Upon review, the Board found that the judge erred in examining the claim under 20 C.F.R. 410.490 and reversed the finding of entitlement. Furthermore, noting that the Administrative Law Judge did not evaluate the survivor's entitlement to benefits, the Board remanded the case for evaluation of entitlement under 20 C.F.R. Part 718.
 
 
 3
 Under 33 U.S.C. 921(c) an aggrieved party may appeal a final order of the Benefits Review Board. An order of remand to the Administrative Law Judge is not a final order for purposes of review. Youghiogheny & Ohio Coal Co. v. Director, Office of Workers' Compensation Programs, No. 86-3009 (6th Cir. Apr. 3, 1987); see also, Director, Office of Workers' Compensation Programs v. Brodka, 643 F.2d 159 (3rd Cir.1981). Although the claimant argues that this case is being remanded for primarily ministerial proceedings, the determination of benefits to which the claimant is entitled is not purely administrative. See, e.g., Freeman United Coal Mining Co. v. Director, Office of Workers' Compensation Programs, 721 F.2d 629 (7th Cir.1983). Furthermore, despite the claimant's argument that due to her advanced age this case will be "realistically unreviewable" on appeal from a subsequent final order, this Court cannot exercise jurisdiction under the collateral order doctrine. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). The order from which the claimant appeals does not resolve an important issue completely separate from the merits of the action, Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978), nor is there authority for finding that the issue is effectively unreviewable on appeal. Therefore,
 
 
 4
 It is ORDERED that the motion to dismiss the petition for review is granted.