946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 BRATZAH CORPORATION, Petitioner-Appellant,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent,
James J. Diamanti, Real Party in Interest.
 No. 90-9565.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Petitioner-Appellant Bratzah Corporation appeals a decision of the Black Lung Benefits Review Board remanding the case to an Administrative Law Judge. The Director of the Office of Workers' Compensation Programs subsequently filed a motion to dismiss Bratzah Corporation's appeal as interlocutory. We grant the motion to dismiss.
 Both parties agree that we normally only have jurisdiction to review final orders of the Board and that remands generally are not considered final orders. See Cotton Petro. v. United States Dep't of Interior, 870 F.2d 1515, 1522 (10th Cir.1989). In an attempt to sustain its appeal, Bratzah asserts that this case falls within the Gillespie exception to the final order requirement. See Gillespie v. United States Steel Corp., 379 U.S. 148 (1964). We employ a balancing test to determine whether justice requires immediate review in this situation. "The critical inquiry is whether the danger of injustice by delaying appellate review outweighs the inconvenience and costs of piecemeal review." Bender v. Clark, 744 F.2d 1424, 1427 (10th Cir.1984).
 On appeal, Bratzah contends that it should be allowed to submit evidence on the rebuttal standard and the Claimant's last regular coal mine employment. Bratzah also asserts that we should decide whether Bratzah must be dismissed as a responsible operator if the Claimant's last coal mine employment was with a predecessor operator. These issues are better addressed by the administrative law judge in the first instance. Further, once the administrative law judge reaches a decision, Bratzah will still have the opportunity to raise these issues on appeal. Thus, Bratzah has failed to demonstrate that the danger of injustice outweighs the inconvenience of piecemeal review.
 
 
 1
 Because we agree that petitioner-appellant's appeal is interlocutory, we GRANT the motion to dismiss and DISMISS the appeal. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3