13 F.3d 236
 62 USLW 2421
 Oliver W. EIFLER, Petitioner,
v.
PEABODY COAL COMPANY, Old Republic Insurance Company, and
Director, Office of Workers' Compensation
Programs, U.S. Department of Labor, Respondents.
 No. 90-1924.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Nov. 18, 1993.
Decided Dec. 30, 1993.
 
 Thomas E. Johnson, Leslie A. Jones, Johnson, Jones & Snelling, Chicago, IL, for Oliver W. Eifler.
 Oliver W. Eifler, pro se.
 Donald S. Shire, Sol. Gen., Steven D. Breeskin, Rita Roppolo, Dept. of Labor, Office of the Solicitor, Washington, DC, John H. Secaras, Sol. Gen., Dept. of Labor, Chicago, IL, Sylvia T. Kaser, Melissa Reardon Henry, Dept. of Labor, Black Lung Div., Washington, DC, for Office of Workers' Compensation Programs.
 Carla Chapman, Ann McLaughlin, Benefits Review Bd., Executive Counsel, Clerk of the Bd., Washington, DC, for Benefits Review Bd.
 W.C. Blanton, Terri A. Czajka, Ice, Miller, Donadio & Ryan, Indianapolis, IN, for Peabody Coal Co. and Old Republic Ins. Co.
 Before POSNER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.
 POSNER, Chief Judge.
 
 
 1
 This sequel to our decision in Eifler v. Office of Workers' Compensation Programs, 926 F.2d 663 (7th Cir.1991), raises interesting questions about the procedures for obtaining attorneys' fees under the Longshoremen's and Harbor Workers' Compensation Act and the Black Lung Benefits Act. The former statute provides that if compensation is awarded, the applicant's attorney shall be entitled to "a reasonable attorney's fee against the employer or carrier in an amount approved by the deputy commissioner, Board, or court, as the case may be, which shall be paid directly to the attorney ... after the compensation order becomes final." 33 U.S.C. Sec. 928(a). This provision is incorporated by reference into the black lung statute. 30 U.S.C. Sec. 932(a). Our decision modified the administrative law judge's denial of Eifler's application for black lung benefits and remanded the case to the administrative law judge, who on remand awarded benefits. The employer appealed to the Benefits Review Board; that appeal is pending. The day after it was filed Eifler's attorney asked us to award her more than $13,000 in attorney's fees for the work she had done on Eifler's behalf in this court to obtain our decision in his favor. Opposing the motion, the employer argued in the alternative that it was too late--Eifler's attorney should have asked us for fees within 14 days, the period for petitioning for rehearing--and too early, that she must wait until a final compensation order is issued. The first argument is clearly wrong, and the second clearly right. The compensation award has not become final, because an appeal from the administrative law judge's order is pending before the Benefits Review Board. Wells v. International Great Lakes Shipping Co., 693 F.2d 663 (7th Cir.1982); Thompson v. Potashnick Construction Co., 812 F.2d 574 (9th Cir.1987). (These are decisions under the longshore, not the black lung, statute, but this makes no difference since the latter incorporates the relevant provision of the former.) Even more clearly the award did not become final when we vacated the denial of benefits and remanded. A victory on appeal that does not establish entitlement to a claim but merely keeps the claim alive does not make the victor a prevailing party entitled to attorney's fees. Hanrahan v. Hampton, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam); Richardson v. Penfold, 900 F.2d 116, 119 (7th Cir.1990). A different rule would multiply proceedings and sometimes force defendants to seek refunds. U.S. Dept. of Labor v. Triplett, 494 U.S. 715, 722, 110 S.Ct. 1428, 1432, 108 L.Ed.2d 701 (1990).
 
 
 2
 About a month after Eifler's attorney filed her motion for an award of fees by this court, the parties advised us that she wished to withdraw it because the parties had agreed to settle her claim for attorney's fees for a shade under $13,000. They did not ask us to approve the settlement, and we requested supplemental briefing of the question whether 33 U.S.C. Sec. 928(a), which requires administrative or judicial approval of the amount of the attorney's fee awarded the claimant's lawyer, is applicable to a case in which the employer and the claimant's lawyer settle a fees dispute. The employer and Eifler's attorney tell us they do not think that approval is required but if it is we should approve because the amount of fees the employer has agreed to pay the attorney is reasonable. The Director of the Office of Workers' Compensation Programs of the Department of Labor, a statutory party, argues that approval is required but takes no position on whether the particular settlement should be approved.
 
 
 3
 A question not discussed by the parties but one easy to answer is whether, if approval is required, it is this court's approval. We think the answer is yes. Requiring the approval of the deputy commissioner (or the administrative law judge in cases that go to a hearing, see Eifler v. Office of Workers' Compensation Programs, supra, 926 F.2d at 665-66), the Benefits Review Board, or the court, "as the case may be," implies that any of these bodies is competent to approve an award of fees, at least for work done before it. See also 33 U.S.C. Sec. 928(c). Since the award sought here is for services only in the court of appeals, it is natural that our approval should be sought for it. If we thought that approval depended on matters within the primary competence of one of the administrative bodies involved in these benefits programs, we could refer the issue to one of them; but that is not the case here, as we shall see.
 
 
 4
 We are persuaded that an award of fees requires administrative or judicial approval even if the employer agrees with the claimant's lawyer on the appropriate award. Apart from the language of section 928(a), we find in another provision that "in all cases fees for attorneys representing the claimant shall be approved in the manner herein provided." 33 U.S.C. Sec. 928(c). Still another provision makes it a crime to receive a fee for services rendered as a representative of a claimant unless a deputy commissioner or other official approves. Sec. 928(e). The concern behind these provisions, which is related to the concern behind the common law rule that empowers courts to set aside contingent-fee agreements, Dunn v. H.K. Porter Co., 602 F.2d 1105, 1108 (3d Cir.1979), is that the claimant's attorney and the employer may collude by agreeing to a large attorney's fee but a small compensation award. For if the sum of the two produces a smaller sum than the employer would otherwise have to pay, but the attorney's fee component is larger than the attorney would otherwise obtain, the collusive arrangement will make both parties better off--but to the detriment of the injured worker.
 
 
 5
 The necessity of official approval is especially great when both compensation and fee are the subject of a settlement, and here only the latter is. But that is splitting hairs. The statute is clear. Approval is required whether or not the amount of the attorney's fee sought by the claimant's attorney is contested.
 
 
 6
 The final question is whether the settlement in this case should be approved. We do not think the fact that it has been made in advance of the issuance of a final compensation award compels disapproval. Should the employer succeed in its appeal from the compensation order, and end up having paid an attorney's fee to which the claimant's attorney had no statutory entitlement, the claimant will be no worse off. And since the attorney would not have made the settlement if she had not thought it advantageous to herself, approval will go some slight distance to facilitate retention of counsel by claimants in these cases, the statutory objective in awarding fees to the claimant's attorney.
 
 
 7
 So there is nothing improper about the timing of the settlement, even though we would have no jurisdiction to award fees had there been no settlement. As for the amount of compensation, the settlement provides that not a penny will come out of any award of compensation to Eifler. So he has nothing to lose. We suppose it could be argued that having received at least part payment Eifler's lawyer will not be as "hungry" as she otherwise would be and therefore won't fight as hard to defeat the employer's appeal to the Benefits Review Board. But this is implausible, or at least conjectural. The settlement is only of the part of the fee that Eifler's lawyer is seeking for services in connection with the appeal to this court that resulted in our 1991 decision. Should Eifler obtain a final award of compensation--but not otherwise--his lawyer will be able to obtain an additional award of attorney's fees, for her services before the administrative bodies involved in Eifler's claim; and as she will get nothing more if she does not establish Eifler's entitlement, she will have an incentive to press for a compensation award rather than abandoning the case. It is implausible to suppose that the employer's resources will be so depleted by the $12,000 fees settlement that it will be unable to pay the compensation claim itself, once amount and entitlement are determined, or the claims of other injured workers. Cf. U.S. Dept. of Labor v. Triplett, supra, 494 U.S. at 722, 110 S.Ct. at 1432. If there is some hidden menace in the settlement, we would have expected the Office of Workers' Compensation Programs to have detected it and warned us about it.
 
 
 8
 The fee settlement is approved and the request to withdraw the motion for fees is granted.