**ZEIGLER COAL COMPANY, Petitioner, Cross–Respondent,**

**v.**

**T. Michael KERR, Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondent, Cross–Respondent,**

**and**

**Edward Griskell, Respondent, Cross–Petitioner.**

**Nos. 00–1366, 00–1196.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 3, 2000.

Decided Oct. 30, 2000.*

Published Feb. 14, 2001.

---

* This opinion was initially issued as an unpublished order.

Mark E. Solomons (submitted), Arter & Hadden, Washington, DC, for Zeigler Coal Co.

Jennifer U. Toth (submitted), Department of Labor, Washington, DC, Richard J. Fiore, Department of Labor, Chicago, IL, for T. Michael Kerr.

Daryl M. Schumacher (submitted), Ungaretti & Harris, Chicago, IL, for Edward Giskell.

Donald S. Shire (submitted), Christian P. Barber, Department of Labor, Office of the Solicitor, Washington, DC, for Party-In-Interest Benefits Review Board.

Before BAUER, RIPPLE and WILLIAMS, Circuit Judges.

PER CURIAM.

The court, on its own motion, consolidates these two appeals for disposition.

■ Two cross-appeals (more appropriately cross-petitions for review) challenge the legal fees that the Benefits Review Board awarded in a black lung benefits case; Zeigler Coal thinks that the award is too high, and Griskell (the claimant) thinks it is too low. The Director of the Office of Workers' Compensation Programs filed motions to dismiss both petitions for review, arguing that the fee award is not final and appealable. Griskell agrees with the Director that both his and Zeigler Coal's petitions are premature; Zeigler, too, agrees (though somewhat cautiously) that the petitions are premature, and suggests that we hold proceedings in abeyance. We, too, agree that these petitions are premature.

It is telling that both Zeigler Coal and Griskell filed petitions for review that they called "protective." Neither is convinced that the fee award is reviewable at this time. The Director's motion to dismiss sketches the procedural history of this black lung case. The Benefits Review Board twice remanded Griskell's benefits claim to the Administrative Law Judge for further consideration; the last remand re-

sulted in an award of benefits. The case came to the Benefits Review Board for a third time, but the case recently was remanded yet again to the ALJ to re-evaluate the evidence relevant to rebuttal. In the meantime, Griskell applied to the Benefits Review Board for legal fees for work on the case. The Board granted some, but not all, of the requested fees. It is this fee award that is the subject of both petitions for review.

■ As a general matter, an order regarding attorney fees is not final and appealable until a final judgment has been entered on the merits of the case. *Production & Maintenance Employees' Local 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1401 (7th Cir.1992). Jurisdictional rules such as this one apply with equal force to black lung cases. *See Freeman United Coal Mining Co. v. Director, OWCP*, 721 F.2d 629, 630 (7th Cir.1983) ("We cannot think of any reason for reading 'final order' in the LWHCA [Longshoremen's and Harbor Workers' Compensation Act] or black-lung act differently [than the ordinary civil action on appeal from a federal district court], and therefore join the circuits that have held that the terms mean the same thing.").

More to the point, this court commented in *Eifler v. Peabody Coal Co.*, 13 F.3d 236 (7th Cir.1993), that it generally would not have jurisdiction over an application for an award of attorney fees if the benefits award has not become final. *Id.* at 237–38. The court determined that the benefits award in that case was not final because it was still pending before the Benefits Review Board. The court nevertheless approved a fee settlement proposed by the parties under the unique circumstances of the case, noting that "there is nothing improper about the timing of the settlement, *even though we would have no jurisdiction to award fees had there been no settlement.*" *Id.* at 239. In short, this case supports the Director's argument that

both petitions be dismissed for want of jurisdiction.

Both petitions for review are dismissed because they are premature. Zeigler's motion to hold the matters in abeyance is denied as moot.