In the
United States Court of Appeals
For the Seventh Circuit

Nos. 00-1196 & 00-1366

ZEIGLER COAL COMPANY,

Petitioner, Cross-Respondent,

v.

T. MICHAEL KERR, Director, Office
of Workers' Compensation Programs,
UNITED STATES DEPARTMENT OF LABOR,

Respondent, Cross-Respondent,

and

EDWARD GRISKELL,

Respondent, Cross-Petitioner.

Petition for Review and Cross-Petition
for Review of an Order of the
Benefits Review Board.

Submitted August 3, 2000--Decided October 30, 2000/*
Published February 14, 2001


   Before BAUER, RIPPLE and WILLIAMS, Circuit Judges.

   PER CURIAM.  The court, on its own motion,
consolidates these two appeals for disposition.

   Two cross-appeals (more appropriately cross-
petitions for review) challenge the legal fees
that the Benefits Review Board awarded in a black
lung benefits case; Zeigler Coal thinks that the
award is too high, and Griskell (the claimant)
thinks it is too low. The Director of the Office
of Workers' Compensation Programs filed motions
to dismiss both petitions for review, arguing
that the fee award is not final and appealable.
Griskell agrees with the Director that both his
and Zeigler Coal's petitions are premature;
Zeigler, too, agrees (though somewhat cautiously)
that the petitions are premature, and suggests
that we hold proceedings in abeyance. We, too,
agree that these petitions are premature.
   It is telling that both Zeigler Coal and
Griskell filed petitions for review that they
called "protective." Neither is convinced that
the fee award is reviewable at this time. The
Director's motion to dismiss sketches the
procedural history of this black lung case. The

Benefits Review Board twice remanded Griskell's benefits claim to the Administrative Law Judge for further consideration; the last remand resulted in an award of benefits. The case came to the Benefits Review Board for a third time, but the case recently was remanded yet again to the ALJ to re-evaluate the evidence relevant to rebuttal. In the meantime, Griskell applied to the Benefits Review Board for legal fees for work on the case. The Board granted some, but not all, of the requested fees. It is this fee award that is the subject of both petitions for review.

As a general matter, an order regarding attorney fees is not final and appealable until a final judgment has been entered on the merits of the case. Production & Maintenance Employees' Local 504 v. Roadmaster Corp., 954 F.2d 1397, 1401 (7th Cir. 1992). Jurisdictional rules such as this one apply with equal force to black lung cases. See Freeman United Coal Mining Co. v. Director, OWCP, 721 F.2d 629, 630 (7th Cir. 1983) ("We cannot think of any reason for reading 'final order' in the LWHCA [Longshoremen's and Harbor Workers' Compensation Act] or black-lung act differently [than the ordinary civil action on appeal from a federal district court], and therefore join the circuits that have held that the terms mean the same thing.").

More to the point, this court commented in Eifler v. Peabody Coal Co., 13 F.3d 236 (7th Cir. 1993), that it generally would not have jurisdiction over an application for an award of attorney fees if the benefits award has not become final. Id. at 237-38. The court determined that the benefits award in that case was not final because it was still pending before the Benefits Review Board. The court nevertheless approved a fee settlement proposed by the parties under the unique circumstances of the case, noting that "there is nothing improper about the timing of the settlement, even though we would have no jurisdiction to award fees had there been no settlement." Id. at 239. In short, this case supports the Director's argument that both petitions be dismissed for want of jurisdiction.

Both petitions for review are dismissed because they are premature. Zeigler's motion to hold the matters in abeyance is denied as moot.

FOOTNOTE

/* This opinion was initially issued as an unpublished order.