**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ENERGY WEST MINING COMPANY,

Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR; CECIL E. BRISTOW,

Respondents.

No. 18-9585
(Benefits No. 17-0441-BLA)
(Benefits Review Board)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

Energy West Mining Company (Energy West) petitions for review of a

decision of the United States Department of Labor's Benefits Review Board (the

Board). Because Energy West fails to demonstrate the Board's decision is a "final

order," we dismiss the petition for lack of subject-matter jurisdiction. 33 U.S.C.

§ 921(c).

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

**Background**

Cecil Bristow sought benefits from Energy West under the Black Lung Benefits Act (BLBA), 30 U.S.C. §§ 901–44. An Administrative Law Judge (ALJ) held a hearing and denied Bristow's claim, finding that although Bristow established he had legal pneumoconiosis, he failed to demonstrate his legal pneumoconiosis caused his total disability. Bristow then appealed to the Board. *Bristow v. Emery Mining Corp.*, BRB Nos. 17-0441 BLA and 17-0441 BLA-A, 2018 WL 7046666, at *1 (Ben. Rev. Bd. Oct. 19, 2018). The Board affirmed the ALJ's finding that Bristow established he has legal pneumoconiosis. *Id.* at *4. But it concluded the ALJ erred in finding that Bristow failed to demonstrate his legal pneumoconiosis caused his total disability. *Id.* at *5. Thus, the Board reversed the ALJ's order and remanded to the ALJ "for entry of an award of benefits." *Id.* at *6.

Energy West then petitioned this court for review of the Board's decision. But upon review of the docketing statement, we sua sponte ordered Energy West to file a memorandum brief addressing, inter alia, whether the Board's decision is final for jurisdictional purposes. *See* § 921(c) ("Any person adversely affected or aggrieved by a *final order* of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred . . . ." (emphasis added)). Energy West and the Director of the Office of Workers' Compensation Programs in the United States Department of Labor (the Director) both filed supplemental briefs addressing the jurisdictional question. We address their arguments below.

2

**Analysis**

As the party seeking review of the Board's decision, Energy West "bears the burden of establishing our subject-matter jurisdiction." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004). To carry that burden here, Energy West must demonstrate, among other things, that (1) the Board's decision constitutes a "final order" or (2) some exception to the final-order rule applies. § 921(c); *see also Bratzah Corp. v. Dir., Office of Workers' Comp. Programs*, No. 90-9565, 1991 WL 213444, at *1 (10th Cir. 1991) (unpublished) (noting that although "we normally only have jurisdiction to review final orders of the Board," sometimes "justice requires immediate review" of nonfinal orders (citing *Gillespie v. United States Steel Corp.*, 379 U.S. 148 (1964))).

In this context, an order is "final" if it leaves the ALJ with nothing to do but execute the Board's decision. *See W. Energy All. v. Salazar*, 709 F.3d 1040, 1047 (10th Cir. 2013) (discussing 28 U.S.C. § 1291's finality requirement); *Newpark Shipbuilding & Repair, Inc. v. Roundtree*, 723 F.2d 399, 400 (5th Cir. 1984) (en banc) ("The required finality for reviewability of an order of the Board [under § 921(c)] follows . . . the contours of the finality-requirement under [§ 1291] . . . ."). Notably, remand orders like the type at issue here often require ALJs to make additional findings of fact or conclusions of law upon remand. *See, e.g.*, *Freeman United Coal Mining Co. v. Dir., Office of Workers' Comp. Programs*, 721 F.2d 629, 631 (7th Cir. 1983). And because these findings and conclusions may give rise to additional appeals, the Board's remand orders generally "are not considered final" for

3

purposes of § 921(c). *Bratzah Corp.*, 1991 WL 213444, at \*1*; see also W. Energy All.*, 709 F.3d at 1051 (explaining that § 1291's finality requirement "is designed to avoid piecemeal trial and appellate litigation and the delays and costs of multiple appeals upon both parties and courts" (quoting *Newpark*, 723 F.2d at 401)).

This case presents no exception to our general rule. As the Director points out, the Board's decision does not direct the ALJ to award a specific dollar amount to Bristow on remand. Instead, the ALJ must calculate the total amount of the award by determining the date upon which benefits were payable—a determination that will require the ALJ to determine either (1) the date upon which Bristow became totally disabled or (2) the date upon which he filed his claim for benefits. *See* 20 C.F.R. § 725.503(b). And determinations of this type are "likely to generate appealable issues that might be taken to this court," thus creating "a real danger of multiple appeals if the present order is appealable." *Freeman*, 721 F.2d at 630–32 (holding that Board's decision remanding case to ALJ "for determination of the benefits to which the claimant was entitled" under BLBA was not final order under § 921(c) because it would require ALJ "to determine the date from which benefits [were] payable to the claimant" under § 725.503(b)).

Energy West asserts that no such "danger" exists here. *Id.* at 631. It insists that unlike the situation in *Freeman*—where (1) the ALJ apparently made the requisite § 725.503(b) calculation after the Board remanded but before the Seventh Circuit issued its decision and (2) the respondent had already appealed the ALJ's § 725.503(b) calculation to the Board—there is no proof that the ALJ's finding on

4

remand in this case will spark such disagreement or yield additional petitions. *See* 721 F.2d at 631. In support, Energy West suggests that the ALJ's finding on remand is unlikely to involve a contested calculation because "in the vast majority of cases, ALJs use the month during which the claim was filed as the benefits onset date." Aplt. Supp. Br. 3.

But Energy West neither identifies any legal authority that might support this generalization nor identifies any facts in the record that might demonstrate it holds true under the specific facts of this case. *Cf.* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's brief to contain appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Further, even assuming the Board's remand order is not *certain* to yield additional petitions, "the final-judgment rule . . . is designed to avert" the mere "*prospect* of successive appeals in the same case." *Freeman*, 721 F.2d at 631–32 (emphasis added) (holding that Board's order was not final because it was "quite possible" that remand would generate "a subsequent petition for review challenging the amount of benefits awarded" on remand); *see also W. Energy All.*, 709 F.3d at 1051 (noting that final-judgment rule "forestall[s] the delay, harassment, expense, and duplication that *could* result from multiple or ill-timed appeals" (emphasis added) (quoting *Boughton v. Cotter Corp.*, 10 F.3d 746, 752 (10th Cir. 1993)). And because Energy West has failed to demonstrate that the ALJ's task on remand involves "a merely mechanical computation" or that the "outcome" of the remand is "foreordained," we conclude such a "prospect" exists here. *Freeman*, 721 F.2d at 631; *see also Ceballos-Martinez*,

5

387 F.3d at 1143 (requiring party seeking to invoke this court's jurisdiction to demonstrate that such jurisdiction exists). Thus, we conclude the Board's decision is not a final order. *See Freeman*, 721 F.2d at 631–32.

Alternatively, even assuming the Board's decision is not final, Energy West asks us to invoke the practical-finality doctrine. *See New Mexico v. Trujillo*, 813 F.3d 1308, 1317 (10th Cir. 2016) (describing practical-finality doctrine as "an exception to the formal finality requirement of § 1291" that applies when "the danger of injustice by delaying appellate review outweighs the inconvenience and costs of piecemeal review" (quoting *United States v. Copar Pumice Co.*, 714 F.3d 1197, 1209 (10th Cir. 2013)). But "[w]e have been leery to apply th[is] doctrine." *Id.* at 1317. And Energy West does not identify any "truly unique" aspects of this case that would justify applying it here. *Id.* at 1318. Accordingly, we decline to do so. *See W. Energy All.*, 709 F.3d at 1051 (refusing to apply practical-finality doctrine where appellants would "have later opportunities to raise their arguments on appeal" and appeal was "not urgent").

## Conclusion

Because Energy West fails to demonstrate we have jurisdiction to review the Board's decision, we dismiss its petition for review.

Entered for the Court


Nancy L. Moritz
Circuit Judge